IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JESUS FLIES                                                                                            PLAINTIFF

v.                                                          CIVIL ACTION NO. 1:10-CV-484-HSO-JMR

SUN LIFE ASSURANCE COMPANY
OF CANADA                                                                                          DEFENDANT

## ORDER

This matter is before the Court upon motion of the Defendant Sun Life Assurance Company of Canada (Sun Life), to Stay this Case or in the Alternative, to Transfer [Rec. Doc. No.5] this action to the United States District Court for the Eastern District of Texas, Beaumont Division pursuant to 28 U.S.C. § 1404(a)and (b). After due consideration of the brief of counsel, the evidence of record, the applicable law, and being otherwise fully advised in the premises, this Court finds that the motion is well-taken and should be sustained.

Through his Complaint, Plaintiff seeks benefits under life insurance policy number 9270194 issued by Defendant on the life of Penny Flies, deceased. Plaintiff asserts that he is entitled to the benefits inasmuch as he was named as the sole beneficiary of the aforesaid policy of life insurance. *See* Complaint [Rec Doc. No.1]. Plaintiff's Complaint was filed herein on October 1, 2010. On September 1, 2010, Sun Life filed a Petition in Interpleader in the District Court, 128th Judicial District, Orange County, Texas naming as Defendants therein Jessie Jesus Flies and Carol Franklin. *(See* Petition in Interpleader attached to Defendant's motion as Exhibit 2). Defendant contends that approximately two years prior to her death of the insured Penny Anne Flies, she s informed Sun Life that (a) she and Jesus Flies were no longer married, (b) she had changed her name, (c) she wanted to surrender her life insurance policy, and (d) she did not want Jesus Flies to receive any of the proceeds. Defendant alleges it sent forms to the decedent

for her to cancel the policy, but it never received signed forms back from her. She thereafter passed away on or about February 17, 2010. *(* Exhibits A, B, and C to Petition in Interpleader attached to Defendant's motion as Exhibit 2). Defendant contends that Jesus Flies made demand to Sun Life for the life insurance benefits at issue.(*e* Exhibit D to Petition in Interpleader attached to Defendant's motion as Exhibit 2). Additionally, Defendant submits that Carol Franklin, the mother of the deceased insured, informed Sun Life that she contested Jesus Flies' status as the beneficiary of the life insurance proceeds. Sun Life submits it sent letters to Jesus Flies and Carol Franklin requesting that they resolve the dispute between themselves.( Exhibit E to Petition in Interpleader attached to Defendant's motion as Exhibit 2). They failed to resolve their dispute. Sun Life filed its Petition in Interpleader naming Jesus Flies and Carol Franklin as defendants. Defendant claims that it is merely an innocent stakeholder and claims no beneficial interest in the life insurance proceeds, except for payment of its reasonable attorneys' fees and costs incurred in bringing the interpleader action. Sun Life further asserted that it cannot determine the proper recipient of the life insurance proceeds without assuming the responsibility of determining doubtful questions of fact and law and without incurring the risk of being subjected to costs and expenses in defending itself in a multiplicity of lawsuits or the possibility of multiple payments of the life insurance proceeds.

    On September 17, 2010, Carol Franklin served her Answer to the Petition for Interpleader praying that the Court would enter judgment in her favor. *(*Defendant's original Answer attached as Exhibit 3 to Defendant's motion ). On October 14, 2010, a Notice of Removal was filed by Carol Franklin in the United States District Court for the Eastern District of Texas, Beaumont Division removing the interpleader case from Texas state court. *(* Notice of Removal attached to Defendant's motion as Exhibit 4 ). On October 15, Sun Life filed its First Amended Complaint in

Interpleader in the removed Texas action.( First Amended Complaint in Interpleader attached to Defendant's motion as Exhibit 5).On October 21, 2010, Sun Life filed a Motion to Deposit Proceeds in the Texas case. *(* Plaintiff's Motion to Deposit Proceeds attached to Defendant's motion  as Exhibit 6). On October 27, 2010, Carol Franklin's Answer was filed in the Texas case. *(* First Defendant Carol Franklin's Original Answer attached to Defendant's motion  as Exhibit 7).

Sun Life asserts that the above referenced pending Texas action and this case involve substantially similar issues. Defendant further claims as the case pending in Texas federal court was first-filed, this case should be transferred to the United States District Court for the Eastern District of Texas, Beaumont Division. In the alternative , Sun Life seeks a stay of this case pending resolution of the  Texas case.

Plaintiff opposes this motion contending that the Texas case will be dismissed for lack of personal jurisdiction over him. Plaintiff asserts in his response that he filed an objection to the In Rem Jurisdiction Subject to the Special Appearance in the State Court where the interpleader was first filed. However, Plaintiff has recently filed an Answer, Claim and Cross-Claim in the pending Texas action ( Attached to Defendant 's Rebuttal  as Exhibit "8") Thus, Plaintiff has voluntarily subjected himself to the jurisdiction of that court.  Moreover, Plaintiff does not appear to contest the jurisdiction of the Texas court over him in the above reference pleading.

Plaintiff filed his Complaint herein on October 1, 2010, seeking benefits under a life insurance policy issued by Sun Life on the life of Penny Flies, deceased.( Complaint, Exhibit 1to Motion.) One month earlier, on September 1, 2010, Sun Life had filed a Petition in Interpleader in the District Court, 128th Judicial District, Orange County, Texas, naming as defendants therein Jessie  Jesus Flies and Carol Franklin. *(* Petition in Interpleader, Exhibit 2 to Motion). As set

forth in the Petition in Interpleader, Sun Life's insured, Penny Anne Flies, in 1992, named her then husband, Jesus Flies, as the primary beneficiary of her life insurance policy. The face amount of the policy was $150,000.00. She named her parents, Edward and Carol Franklin, as contingent beneficiaries. *( Petition in Interpleader)*. In 2002, Jesus and Penny Anne Flies were divorced.*( Petition in Interpleader, and divorce decree)*. Approximately two years prior to her death, Penny Anne Flies informed Sun Life that (a) she and Jesus Flies were no longer married, (b) she had changed her name, (c) she wanted to surrender her life insurance policy, and (d) she did not want Jesus Flies to receive any of the proceeds. *( Petition in Interpleader)*. Sun Life thereafter sent forms to the decedent for her to cancel the policy, but it never received signed forms back from her.*( Exhibit B to Petition in Interpleader)*. Penny Flies passed away in 2010 in Texas. *( Death Certificate, Exhibit C to Petition in Interpleader)*. Thereafter, Plaintiff made demand to Sun Life for the life insurance benefits at issue. *( Exhibit D to Petition in Interpleader)*. Additionally, Carol Franklin, the mother of the deceased insured and contingent beneficiary, informed Sun Life that she contested Jesus Flies' status as the beneficiary of the life insurance proceeds.

    On September 17, 2010, Carol Franklin served her Answer to the Petition in Interpleader wherein she prayed that the Court would enter judgment in her favor.*( Defendant's original Answer, Exhibit 3 to Motion)*. On October 14, 2010, a Notice of Removal was filed by Carol Franklin in the United States District Court for the Eastern District of Texas, Beaumont Division removing the interpleader case from Texas state court. *( Notice of Removal, Exhibit 4 to Motion)*.O n October 15, Sun Life filed its First Amended Complaint in Interpleader in the removed Texas action. *( First Amended Complaint in Interpleader, Exhibit 5 to Motion)*. On October 21, 2010, Sun Life filed a Motion to Deposit Proceeds in the Texas case. *( Plaintiff's

Motion to Deposit Proceeds, Exhibit 6 to Motion). On October 27, 2010, Carol Franklin's answer was filed in the Texas case.*( First Defendant Carol Franklin's Original Answer, Exhibit 7 to Motion).*

In both its Petition in Interpleader and First Amended Complaint in Interpleader, Sun Life asserted that it is an innocent stakeholder and claims no beneficial interest in the life insurance proceeds, except for payment of its reasonable attorneys fees and costs incurred in bringing the Interpleader action. Sun Life further asserted that it cannot determine the proper recipient of the life insurance proceeds without assuming the responsibility of determining doubtful questions of fact and law and without incurring the risk of being subjected to costs and expenses in defending itself in a multiplicity of lawsuits or the possibility of multiple payments of the life insurance proceeds.

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. V. Syntek Finance Corp.,* 121 F.3d 947, 950 (5th Cir. 1997) citing *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985) and *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 408 (5th Cir. 1971). "The first to file rule is based on "principles of comity and sound judicial administration." *Pace v. Peco Foods, Inc.,* 2008 U.S. Dist. LEXIS 13780 at *5 (S.D. Miss. Feb. 22, 2008) citing *Save Power*, 121 F.3d at 950. "The purpose of the rule is 'to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'" *Pace v. Peco Foods, Inc., Id.,* citing *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 729 (5th Cir. 1985). In deciding whether to apply the first to file rule, this Court is to determine whether the two pending actions involve substantially

similar issues such that one court should decide the subject matter of both actions. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999); *Also See Pace v. Peco Foods, Inc.,* 2008 U.S. Dist. LEXIS 13780 at *6 and *Datamize, Inc. v. Fid. Brokerage Serv., LLC,* 2004 U.S. Dist. LEXIS 29100, 2004 WL 1683171 at *3 (E.D. Tex. Apr. 22, 2004). The rule does not require that the two suits be identical. Rather, the inquiry is whether they overlap on the substantive issues. *Save Power Ltd. V. Syntek Finance Corp.,* 121 F.3d at 950 citing *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971). Once it is determined that the cases involve substantially similar issues, then the proper course of action is for this Court to transfer this case to the United States District Court for the Eastern District of Texas "to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." *Cadle Co.*, 174 F.3d at 606.

      The Court finds the present case and the pending Texas action involve substantially similar issues. Both cases involve claims for benefits payable under the Sun Life policy on the life of Penny Flies. In the Texas case, Sun Life seeks to pay the benefits at issue into court and the claimants thereto, Jesus Flies and Carol Franklin, have been named as defendants and requested to assert their respective claims to those benefits. Carol Franklin has done so. In the present suit, Plaintiff, Jesus Flies, has asserted a claim to those same life insurance benefits. The recognized goal behind the first to file rule -- 'to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result'-- is accomplished through application of the rule to the case *sub judice*. Otherwise, two sister courts will be called upon to decide the propriety of Jesus Flies' claim to the subject benefits which could result in inconsistent rulings.

      The Court finds that inasmuch as the Texas case was the first filed, this case should be

transferred to the United States District Court for the Eastern District of Texas. Although this case was filed prior to the Texas case being removed to federal court, it appears that every court that has addressed this issue has determined that it is appropriate to use the date the removed suit was actually filed in state court as the filing date. See, *Manufacturers Hanover Trust Co. v. Palmer Corp.,* 798 F. Supp. 161 (S.D.N.Y. 1992); *800- Flowers, Inc. v. Intercontinental Florist, Inc.,* 860 F. Supp. 128, 131 n.1 (S.D.N.Y. 1994); *Affinity Memory & Micro, Inc. v. K&Q Enters., Inc.,* 20 F. Supp. 2d 948, 954 n.10 (E.D. Va. 1998); *First Health Group Corp. v. Motel 6 Operating L.P.*,2000 U.S. Dist. LEXIS 10437, No. 00C524, 2000 WL 984160, at *2 (N.D. Ill. July 17, 2000); *Aluminum Banking Co. v. Callery/Conway/Mars HV,Inc.*, 2006 U.S. Dist. LEXIS 53459 at *5 (E.D. Mich. August 2, 2006); *Agri-Process Innovations,Inc., v. Greenline Industries, LLC*, 2008 U.S. Dist. LEXIS 67747 at *12 (E.D. Ark. Sept. 4, 2008);*Photomedex, Inc. v. St. Paul Fire & Marine Ins. Co.,* 2009 U.S. Dist. LEXIS 65335, at *12 n.5 (E.D.Pa. Jul. 28. 2009); *Multi-Shot, LLC v. B&T Rentals, Inc.*, 2010 U.S. Dist. LEXIS 5885 at n.1 (S.D.Tx. Jan. 26, 2010); *Jermax, Inc v. AK Steel Corp.*, 2010 U.S. Dist. LEXIS 63372 at *22 (D. N.J. June 24, 2010). As the Texas case was filed on September 1, 2010, one month before the present case, it was the first filed. Accordingly this Court finds that the motion of the Defendant Sun Life Assurance Company of Canada (Sun Life), to Stay this Case or in the Alternative, to Transfer [Rec. Doc.5] should be granted Accordingly this Court finds that this matter should be transferred to United States District Court for the Eastern District of Texas, Beaumont Division pursuant to 28 U.S.C. § 1404(a)and (b).

        This the 12th day of MAY , 2011.

        S/*John M Roper Sr.*
        CHIEF UNITED STATES MAGISTRATE JUDGE